FINLAY BREWING CO. v. PROST.

1. ATTACHMENT — DISSOLUTION — FRAUDULENT CONCEALMENT OF
   PROPERTY—EVIDENCE—LIABILITY AS INDORSER.
   The defendant in an attachment suit based upon the alleged
   concealment of property with intent to defraud creditors
   cannot, in proceedings for the dissolution of the writ, show
   that certain judgments, an attempt to defeat the collection
   of which has been shown by the plaintiff, were rendered
   against him as accommodation indorser, since the obligation
   to pay such debts is the same as to pay debts otherwise con-
   tracted.

2. SAME.
   Evidence of the amount of money paid by defendant to plain-
   tiff during their business dealings is inadmissible on the
   question of fraudulent concealment.

3. SAME—OFFER OF SETTLEMENT.
   The fact that plaintiff's case is based on the fraudulent con-
   duct of defendant does not render admissible evidence of an
   attempt by plaintiff to settle or compromise his claim.

*Certiorari* to Ingham; Wisner, J., presiding. Sub-
mitted January 13, 1897. Decided February 18, 1897.

Attachment proceedings by the Finlay Brewing Com-
pany against Christian Prost. Plaintiff brings *certio-
rari* to review an order dissolving the writ. Reversed.

The plaintiff brought suit to recover a debt of $5,865,
due for goods sold and delivered. Suit was commenced
by the writ of attachment. In the affidavit, as a basis
for the writ, plaintiff's agent deposed that the defendant
"had fraudulently contracted the debt, and that he
had assigned, disposed of, and concealed, and was about to
assign, dispose of, and conceal, some portion of his prop-
erty, with intent to defraud his creditors." The officer,
under the writ, seized personal property appraised at $3,-

756.38.   Defendant promptly moved for a dissolution of this attachment before a circuit court commissioner, who dissolved it.   Plaintiff thereupon appealed to the circuit court, under 2 How. Stat. § 8030.   The case was there tried by a jury, who found for the defendant.

   *Jay P. Lee* and *M. V. Montgomery*, for plaintiff.

   *Black & Dodge*, for defendant.

   GRANT, J. (*after stating the facts*).   1. One of the learned counsel for the plaintiff insists before this court that concealment by defendant of his property with intent to defraud his creditors was conclusively shown by the evidence, and that the court should have directed a verdict for the plaintiff.   This position was not taken before the trial court.   It appears to have been there conceded that the testimony was in conflict, and was, therefore, a proper question for the jury.   In this view we concur.

   2. Plaintiff introduced in evidence records of certain judgments against the defendant, executions issued thereon, and the testimony of the officers that defendant told them, when they went to him to collect the judgments, that he had no property subject to execution; and also introduced evidence to show that at that time he was the owner of a large amount of personal property subject to execution.   Defendant was permitted to show, under objection and exception, that these judgments were rendered against him on his liability as an accommodation indorser of certain notes, and that he had not been sued upon any other debts.   We think this testimony was incompetent. Defendant was under the same obligation, legally as well as morally, to pay his debts contracted as indorser that he was to pay debts otherwise contracted.   He had no more right to make a false statement as to his property, or to conceal it, in the one case than in the other.   This testimony was therefore incompetent, and should have been excluded.

3. Defendant was also permitted to give in evidence the amounts of money which he had paid to plaintiff during his dealings with it.   Upon the allegation that defendant had fraudulently contracted the debt this evidence may have been competent, and it is not clear from the record that this claim was abandoned at the time the testimony was introduced.   It was abandoned when the case was finally submitted.   In view of a new trial, we think it proper to say that this testimony had no bearing upon the question of concealment of his property, and should have been excluded.

4. Offers of settlement should have been excluded. Defendant's counsel defend the admission of this testimony upon the ground that it had a bearing upon the allegation of fraud in contracting the debt.   We are unable to agree with this contention.   Parties have the same right to attempt the settlement and compromise of claims based upon fraud as those based upon other relations, and the law does not permit their rights to be affected by negotiations for settlement or offers of compromise.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.